IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN BALDWIN,

      Plaintiff,                  No. 2:09-cv-1429 JFM (PC)

    vs.

C/O THOMPSON, et al.,           <u>ORDER</u>

      Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8   In Section III of the complaint, plaintiff concedes that he has failed to complete

9  the Director's Level of review.  Plaintiff states he

> elected to file this civil complaint now and request permission to
> file a motion to include fully exhausted administrative appeal as
> soon as it is final and has been returned to the [plaintiff].
> [Plaintiff] does not believe that the administrative remedies will be
> satisfactory in light of the permanent injuries sustained.

(Id. at 2.)

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the

filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

requirement during the course of an action.  Id. at 1200.

> California's Department of Corrections provides a four-step
> grievance process for prisoners who seek review of an
> administrative decision or perceived mistreatment. Within fifteen
> working days of "the event or decision being appealed," the inmate
> must ordinarily file an "informal" appeal, through which "the
> appellant and staff involved in the action or decision attempt to
> resolve the grievance informally." Cal.Code Regs., tit. 15, §§
> 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
> resolved during the informal appeal, the grievant next proceeds to
> the first formal appeal level, usually conducted by the prison's
> Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the

second level, providing review by the institution's head or a
regional parole administrator, and the third level, in which review
is conducted by a designee of the Director of the Department of
Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

        Plaintiff may not elect to circumvent the Director's Level Appeal and proceed with an action in federal court.  Plaintiff must exhaust his administrative remedies prior to bringing suit here.  Accordingly, plaintiff's complaint will be  dismissed without prejudice to its renewal once plaintiff has received the Director's Level appeal response.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request for leave to proceed in forma pauperis (#4) is granted.

        2.  This action is dismissed without prejudice.

DATED: June 16, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; bald1429.fte